UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
FEDERAL TRADE COMMISSION, : CASE NO. 1:12-CV-2394
:
*Plaintiff*, :
:
vs. : ORDER & OPINION
: [Resolving Doc. Nos. 70, 73, & 86]
E.M.A. NATIONWIDE, INC. et al. :
:
*Defendants*. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Federal Trade Commission (FTC) brings this action against various individuals and corporations (Defendants), alleging violations of the Federal Trade Commission Act (FTC Act), 15 U.S.C. §§ 41-58, the Telemarketing Sales Rule (TSR), 16 C.F.R. § 310, and the Mortgage Assistance Relief Services Rule (MARS Rule), 16 C.F.R. § 322.[1] Generally, Plaintiff says that Defendants violated these laws through its marketing and sale of debt-related services, such as debt settlement, loan modification, and mortgage assistance relief.[2] Two sets of Defendants, in identical motions, now move the Court to dismiss the complaint.[3] Separately, the FTC moves this Court to strike Defendants' jury demand.[4] For the following reasons, the Court DENIES Defendants' motions to dismiss and GRANTS Plaintiff's motion to strike Defendants' jury demand.

---

[1] Doc. 1.
[2] *Id*.
[3] Docs. 70 & 73.
[4] Doc. 86.

Case No. 1:12-CV-2394
Gwin, J.

## I. Background

Defendants are individuals and corporations that market and provide debt-relief services nationwide.[5] Defendants solicit business by "cold-calling" and through their websites.[6]

Defendants include corporations located in Florida, California, Wyoming, and Canada, as well as some of the corporations' owners, officers, and affiliates.[7] The American corporations share the same mailing address in Florida; the Canadian corporations share an address in Quebec.[8] Defendants began the business as EMA, then operated under the name New Life, and now operate as First United.[9]

Plaintiff FTC filed twelve claims against Defendants for violations of the FTC Act, the TSR, and the MARS Rule.[10] The FTC cites examples of Defendants' alleged impermissible business practices, including quotes from typical phone conversations and Defendants' websites.[11] Generally, the FTC claims that Defendants offered and charged for debt relief services, but often failed to actually assist their customers. The FTC asks for a permanent injunction against Defendants as well as "rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies."[12]

---

[5] Doc. 1. The defendants are: E.M.A. Nationwide, Inc.; New Life Financial Solutions, Inc.; 1UC Inc. (also d/b/a First United Consultants); 7242701 Canada Inc.; 7246293 Canada Inc.; 7246421 Canada Inc.; James Benhaim; Daniel Michaels; Phillip Hee Min Kwon; Joseph Shamolian; Nissim Ohayon.

[6] *Id*.

[7] *Id*.

[8] *Id*.

[9] *Id*.

[10] *Id*.

[11] *Id*.

[12] *Id*. The FTC also asked for a preliminary injunction, to which all Defendants eventually agreed. Docs. 27, 56, 61.

Case No. 1:12-CV-2394
Gwin, J.

## II. Analysis

In two identical motions seeking to dismiss all claims, Defendants say that the FTC has failed to state a claim because the complaint "merely restates and traces the language of the statute cited without any facts at all."[13] The FTC also brings a motion to strike Defendants' jury demand, saying that neither the Seventh Amendment nor the statutes at issue here provide a right to a jury trial.[14] The Court addresses each issue in turn.

*A. Defendants' Motions to Dismiss*

Defendants ask this Court to dismiss the FTC's complaint for failing to state a claim upon which relief can be granted.[15] Defendants say that the complaint contains only "conclusory, formulaic recitation[s] mirroring the language of each respective Act without including any facts at all."[16] The FTC opposes the motion.

A court may grant a motion to dismiss when the plaintiff fails to make enough factual allegations to plausibly support a claim.[17] In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's legal conclusions as true.[18] Absent an allegation of fraud, a complaint need only "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."[19] This is not a difficult standard to meet; the plaintiff need only provide

---

[13] *Id*.
[14] Doc. 86.
[15] Docs. 70 & 73.
[16] *Id*.
[17] Fed. R. Civ. P. 12(b)(6).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).
[19] Fed. R. Civ. P. 8(a)(2). Defendants argue that the FTC's claims sound in fraud and that the Court should apply the heightened standards of Rule 9. This argument fails for two reasons. First, the FTC's claims are not fraud claims, so Rule 9 is irrelevant. Second, even if the FTC were required to follow the pleading requirements of Rule 9,

-3-

Case No. 1:12-CV-2394
Gwin, J.

enough factual allegations to "state a claim that is plausible on its face."[20] The plausibility requirement is not a "probability requirement," but it does require "more than a sheer possibility that the defendant has acted unlawfully."[21]

Defendants say that the FTC's complaint was a rewording of the relevant laws and that it lacked any factual allegations.[22] This is demonstrably false. The complaint provides a great deal of factual allegations that, if believed, would tend to show a long history of deceptive and unfair practices.

The complaint quotes Defendants' websites, which promised successful debt reduction.[23] The FTC says that "[i]n numerous instances, [Defendants] collect[] consumers' payments without providing the promised results."[24] The FTC says that Defendants failed to return calls from customers, did not provide the marketed services, and charged fees without providing any substantial assistance to customers.[25] The FTC also quotes Defendants' customer guides, which instructed customers not to speak with their creditors and to stop paying their creditors directly.[26] The FTC says that Defendants checked customers' credit history without their consent during the application process.[27] The FTC also says that Defendants failed to make required disclosures in consumer-specific and general commercial communications.[28]

---

the complaint contains enough factual allegations to survive a motion to dismiss under that heightened standard.
[20] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[21] *Id*.
[22] Doc. 1.
[23] *Id*.
[24] *Id*.
[25] *Id*.
[26] *Id*.
[27] *Id*.
[28] *Id*.

Case No. 1:12-CV-2394
Gwin, J.

The complaint's factual allegations plausibly support all of the FTC's claims. Therefore, the Court denies Defendants' motions to dismiss.

*B. The FTC's Motion to Strike Defendants' Jury Demand*

The Court now considers the FTC's motion to strike Defendants' jury demand. The FTC says that Defendants have no right to a jury trial because neither the statutes at issue nor the Seventh Amendment give Defendants that right.[29] Defendants say that the Seventh Amendment preserves their right to a jury trial because the FTC is seeking legal, as opposed to equitable, remedies.

In a civil case, a federal court must grant a jury demand unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."[30] The right to a jury trial can come from either a federal statute or the Seventh Amendment. The parties agree that the statutes at issue do not provide such a right.[31]

The Seventh Amendment preserves the right to a jury trial "in suits at common law."[32] The phrase "suits at common law" means "suits in which legal rights are to be ascertained and determined."[33] To determine whether a suit deals with legal rights, a court considers the "nature of the action and of the remedy sought,"[34] with the remedy being the more important factor.[35] Monetary damages are typically a legal remedy, but "[r]estitution and disgorgement are part of courts' traditional equitable authority."[36]

---

[29] Doc. 86.
[30] Fed. R. Civ. P. 39.
[31] 15 U.S.C. §§ 41-58; 16 C.F.R. §310; 16 C.F.R. § 322.
[32] U.S. Const. amend VII, cl. 1.
[33] *Chauffeurs, Teamsters & Helpers, Local # 391 v. Terry*, 494 U.S. 558, 564 (1990) (quotation omitted).
[34] *Tull v. United States*, 481 U.S. 412, 417 (1987).
[35] *Chauffeurs*, 494 U.S. at 565.
[36] *United States v. United Mgmt. Servs.*, 191 F.3d 750, 760 (6th Cir. 1999).

Case No. 1:12-CV-2394
Gwin, J.

The FTC asks this Court for a permanent injunction to prevent Defendants from committing any further violations.[37] Injunctions are equitable remedies.[38] In addition to the injunction, the FTC asks this Court to grant "rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies."[39] The Defendants say that "the refund of monies paid" is a legal remedy, not an equitable one.[40]

While Defendants are correct that monetary damages are ordinarily legal remedies, they fail to distinguish the refund from restitution and disgorgement, which are equitable remedies. Restitution and disgorgement are part of this Court's equitable authority even when they require an exchange of monies. While "the general rule . . . is that monetary relief is a legal remedy," monetary awards that are "incidental to or intertwined with injunctive relief . . . may be equitable."[41] A refund would be incidental to the permanent injunction that the FTC has requested.[42] The FTC says that Defendants' customers paid fees for Defendants' services and suffered additional economic damages as a result.[43] The requested refund will not compensate the alleged victims for all of their losses; it will only prevent Defendants from being unjustly enriched.[44] For that reason, any monetary relief would be incidental to and intertwined with the injunction. The Seventh Amendment does not apply,

---

[37] Doc. 1.

[38] *See Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987).

[39] Doc. 1.

[40] Doc. 111.

[41] *James v. Vitran Exp., Inc.*, No. 1:11-CV-23, 2011 WL 4344064, at *1-2 (N.D. Ohio Sept. 14, 2011) (quotations omitted).

[42] *See F.T.C. v. Mazzoni & Son, Inc.*, No. 06-15766, 2007 WL 2413086, at *3 (E.D. Mich. Aug. 14, 2007) (holding that, under similar circumstances, "the claims alleged and remedies sought sound entirely in equity").

[43] Doc. 1. Specifically, the FTC says that customers often fell further behind on their payments without any debt reduction. This caused customers to suffer monetary losses or even, in some cases, to lose their homes.

[44] *Id*.

-6-

Case No. 1:12-CV-2394
Gwin, J.

then, because the relief is equitable.[45] Thus, the Court can properly strike the demand for a jury trial.[46]

Because the FTC seeks only equitable remedies, the Defendants have no right to a jury trial, and the Court grants the FTC's motion. The Federal Rules of Civil Procedure provide that "[i]n an action not triable of right by a jury, the court, upon motion or on its own may try any issue with an advisory jury."[47] An advisory jury would assist the Court with any issues of fact and credibility determinations. The Court, therefore, will empanel an advisory jury. Pursuant to Rule 52(a)(1), the Court will still make its own findings of fact and conclusions of law.[48]

### III. Conclusion

For the foregoing reasons, the Court DENIES Defendants' motions to dismiss and GRANTS Plaintiff's motion to strike Defendants' jury demand. The Court also advises the parties that it will impanel an advisory jury.

IT IS SO ORDERED.

Dated: June 19, 2013            s/    *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[45] *See also* FTC v. Gem Merch. Corp., 87 F.3d 466 (11th Cir. 1996); *FTC v. Sec. Rare Coin Corp.*, 931 F.2d 1312 (8th Cir. 1991); *Mazzoni & Son*, 2007 WL 2413086, at *1.
[46] *See* Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 883 (6th Cir. 1997).
[47] Fed. R. Civ. P. 39(c).
[48] Fed. R. Civ. P. 52(a)(1).